519 A.2d 450

**Howard F. DALE**

v.

**The BALTIMORE & OHIO RAILROAD COMPANY, a corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Dec. 8, 1986.

478

Ralph G. Wellington, Philadelphia, for appellant.

William R. Caroselli, Pittsburgh, for appellee.

Before BROSKY, ROWLEY and POPOVICH, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from the Judgment entered on a jury's verdict in favor of plaintiff, Howard F. Dale, following the denial of post-trial motions and the assessment of delay damages pursuant to Pa.R.C.P. 238. The plaintiff brought this action in trespass under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1972) (FELA), for injuries he sustained in the course of his employment with appellant, The Baltimore & Ohio Railroad Company (B & O). Plaintiff alleged that he was totally disabled as a result of developing asbestosis from continuous exposure to asbestos dust in the course of his employment as a pipefitter for B & O from

1944 to 1955,[1] and that his disability was caused by the negligence of B & O. It is undisputed that the plaintiff suffered from asthma since childhood.

B & O presents six issues for review. After having thoroughly reviewed the record and after having carefully reviewed the arguments of the parties and *amicus curiae*,[2] we vacate and remand.

B & O first argues that the trial court erred by instructing the jury that it knew or should have known that plaintiff's on-the-job exposure to asbestos-containing products presented an unreasonable risk of harm. The trial court found that the instruction was proper in light of exhibits that were admitted into evidence at trial by the plaintiff. The exhibits consisted of minutes of meetings held by the Medical and Surgical Section of the American Association of Railroads between 1932 and 1953.[3] B & O was a member of the Association and its medical officer was a member of the Medical and Surgical Section. He attended the meetings that were memorialized in the minutes. Also, the president of B & O was a member of the Board of Directors of the Association during the relevant time period.

The trial court summarized the undisputed aspects of the case and the relevant contents of the exhibits as follows:

During the relevant period of time the B & O knew that its steam locomotive engines were insulated with asbestos-containing material; it also knew that its employees, of which Dale was one, in the repair and maintenance of its steam locomotives worked with the asbestos-contain-

1. Although the plaintiff was employed by B & O until 1981, his exposure to asbestos ended in 1955 when steam locomotives were replaced by diesel locomotives.

2. *Amicus curiae* briefs and reply brief were filed by the Association of American Railroads, the National Association of Railroad Trial Counsel, the Consolidated Rail Corporation and the National Railroad Passenger Corporation.

3. The exhibits are not part of the original record as certified to us. However, the relevant portions of the exhibits were read to the jury at trial, R.R., Vol. II, 332a–345a, and B & O did not dispute the authenticity of the exhibits.

ing material. Exhibits 7 through 18 clearly establish that the B & O, during the relevant period, learned that dust may be a hazard to health, producing pathology; that dust pathology may occur in any occupation where dust is produced and inhaled in sufficient quantities over a long enough period of time; that pulmonary disorders were especially prevalent in employees engaged in dusty occupations; that all pathology caused by inhalation of dust is known as pneumoconiosis; that pneumoconiosis is a condition that may be caused by any kind of dust entering the lung; that a committee of the Medical and Surgical Section of the American Association of Railroads defined and described the condition of pneumoconiosis, or dust disease of the lungs and mentioned silicosis and asbestos as forms of the diseases most interesting to railroad surgeons.

Trial court's op. at 9–10; *see also* appendix A to trial court's op. The trial court further noted that B & O conceded that the exhibits revealed a generalized awareness that dust, including asbestos dust, was a potential source of lung disease. Trial court's op. at 10. Based on these exhibits, the trial court charged the jury that

I, as the judge, have concluded, as a matter of law, and you will accept this as a matter of law, that the Baltimore and Ohio Railroad did, between 1944 and 1955, knew [sic] or should have known of the hazards to health from exposure to the dust of asbestos.... Thus, as a matter of law, the B and O would owe a duty to protect its workers from the health hazards which could result from the exposure to dust of asbestos when the circumstances so require during the period 1944 through 1955.

R.R., Vol. III, 676a–677a.

B & O argues that the trial court's decision to remove this issue from the jury was error because reasonable minds could differ as to the conclusion to be drawn from the exhibits as to B & O's knowledge of the risk posed by plaintiff's exposure to asbestos-containing products. Specifically, B & O argues that the minutes do not 1) specify

the quantity of dust required to cause injury or the length of exposure to cause injury; 2) what particular class of railroad workers were at risk, and 3) that injury to a secondary user of asbestos-containing products was likely or reasonably probable. In short, B & O submits that the minutes do not indicate that the Medical and Surgical Section of the Association viewed asbestos as posing an unreasonable risk of injury to railroad workers.

The FELA is based on common law concepts of negligence and injury subject to such qualifications as the Congress has placed on those terms. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). "What constitutes negligence for the statute's purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws for other purposes. Federal decisional law formulating and applying the concept governs." *Id.* at 174, 69 S.Ct. at 1027 (footnote omitted). Thus, "negligence, within the meaning of the [FELA], attached if respondent 'knew, or by the exercise of due care should have known,' that prevalent standards of conduct were inadequate to protect petitioner and similarly situated employees." *Id.* at 178, 69. S.Ct. at 1028 (citations omitted). In an FELA action, the procedural rules applied are those of the forum; however, a federal substantive right cannot be lessened by a state rule of procedure. *Castro v. Chicago, Rock Island & Pacific Railroad Company*, 83 Ill.2d 358, 47 Ill.Dec. 360, 415 N.E.2d 365 (1980), *cert. denied*, 452 U.S. 941, 101 S.Ct. 3086, 69 L.Ed.2d 956.

In the present case, B & O notes that the same issue is raised in either federal or state courts concerning whether a factual issue should be submitted to the jury: could there be but one reasonable conclusion on the matter? After having thoroughly reviewed the record, we conclude that the trial court has adequately discussed and properly disposed of the issue. *See* trial court's opinion at 5–12.

Because we find no error in the trial court's removal of the issue from the jury, we also find no merit to B & O's

second issue. In its second issue B & O argues that the trial court erred in ruling that the testimony of Dr. Hinshaw and Dr. Parkinson was irrelevant. This testimony was offered by both the plaintiff and B & O on the issue of whether B & O knew or should have known of the hazards to its employees' health as a result of exposure to asbestos dust during the relevant time period. This testimony became irrelevant once the trial court properly concluded that B & O owed a duty to its employees to protect them against the hazard. *Id.*

B & O next argues that the trial court erred by failing to instruct the jury, as requested by B & O, that it would only be liable to the plaintiff for damages resulting from injuries caused by its negligence, and not for damages resulting from the plaintiff's hereditary asthma. B & O concedes that it would be liable if its negligence aggravated the plaintiff's pre-existing asthma, but only for damages caused by the aggravation and not for the underlying disease itself. B & O sought to charge the jury that it "should not consider any pecuniary loss caused by [plaintiff's] lung problems which would have resulted independently of the asbestos exposure." B & O's brief at 36.

The trial court charged the jury that "where the railroad's negligence causes in whole or in part an injury to its employee, the railroad is liable for the entire amount of damages and there is no provision for reduction of damages for any causes which concur with the railroad's negligence in causing the injury." R.R. 704a; trial court's op. at 15–16. The charge was based on the decision in *Farmer v. Pennsylvania Railroad Co.*, 311 F.Supp. 1074 (W.D.Pa. 1970).

Following the charge, B & O objected to the damage portion of the charge on the basis that it made no allowance for innocent causes; that B & O was not responsible for any disability which might result from the asthma, and that the plaintiff had the burden of allocating that portion which might be attributed to pre-existing conditions and that portion which might be attributed to the asbestos. R.R., Vol. III, 87.

■ The trial court properly focused on federal substantive law in considering appellant's request for charge. The measure of damages in an FELA case is determined by federal law even though the action is brought in state court. *Humphries v. Pittsburgh & Lake Erie Railroad Co.*, 328 Pa.Super. 119, 476 A.2d 919 (1984). Thus, we may not consider the damage apportionment formula espoused in *Martin v. Johns-Manville Corp.*, 349 Pa.Super. 46, 502 A.2d 1264 (1985) since the claims in that case were founded on state law.

■ In *Farmer v. Pennsylvania Railroad Co., supra.*, an FELA action, the railroad negligently exposed plaintiff to Varnolene mist. At trial, plaintiff established that as a result of this exposure his lungs became more susceptible to tuberculosis and he subsequently contracted the disease. The railroad sought a jury charge that "if plaintiff's condition was caused jointly by defendant's negligence and by cigarette smoking, the jury should apportion damages between these two causes and award only those damages which were caused by defendant's negligence." *Id.* at 1076. The request was denied and the railroad sought a new trial. The District Court rejected the railroad's contention by construing the "in whole or in part" language of section 51 of the FELA statute as precluding the requested charge:

> Where a railroad's negligence causes, *in whole or in part,* an injury to its employee, it is liable for the entire amount of damages, and there is no provision for reduction of damages for innocent causes which concur with the defendant's negligence in causing injury.

*Id.* at 1076–1077 (emphasis in original; citations omitted).

We reject B & O's attempt to factually distinguish the present case from *Farmer.* In both cases the railroad alleged that there were two causes of the plaintiffs' harm: one produced by the railroad, and one as a result of conditions beyond the railroad's control. These two causes resulted in a single harm to the plaintiff, his permanent disability. It was the duty of the trial court to apply the applicable federal law and we find no abuse of its discretion in its reliance on *Farmer. See Mohn v. Hahnemann*

*Medical College,* 357 Pa.Super. 173, 515 A.2d 920 (1986) (it is not the trial court's duty to decide when and to what extent, if any, case law has lost its vibrancy so as to signal its demise).

B & O and the *amicus* also argue that the trial court erred in applying *Farmer* because other courts have reached a contrary conclusion under the FELA. *See Holladay v. Chicago, Burlington & Quincy Railroad Co.,* 255 F.Supp. 879 (S.D.Iowa 1966) (although plaintiff is entitled to damages for aggravation of a pre-existing condition, he is not entitled to recover for damages which would have resulted from his previous condition without the aggravation); *Matthews v. Atchison, T. & S.F. Railway Co.,* 54 Cal.App.2d 549, 129 P.2d 435 (1942) (same).[4] However, while decisions in other circuits or other district courts are entitled to serious consideration, they are not binding on a District Court. *Philadelphia World Hockey Club, Inc. v. Philadelphia Hockey Club, Inc.,* 351 F.Supp. 457 (E.D.Pa. 1972). We find no reason for not applying the same rule to the trial court in the present case when it sought to ascertain the relevant federal law on the issue. Accordingly, we find no abuse of discretion in the trial court's refusal to charge as requested by B & O.

B & O also argues that the trial court erred in refusing to instruct the jury on contributory negligence, and that the verdict was grossly excessive. We have reviewed the record and have accorded due consideration to the arguments advanced by B & O. Judge Silvestri has adequately discussed and properly disposed of the issues in his opinion. ·

■ Finally, B & O argues that it is not liable for the payment of any delay damages under Pa.R.C.P. 238 be-

---

**4.** B & O and *amicus* also offer *Akers v. Norfolk & Western Railway Co.,* 417 F.2d 632 (4th Cir.1969) (per curiam) in support of their attack on *Farmer.* We find *Akers* to be distinguishable. In *Akers,* the Court held that the District Court had correctly charged the jury when it protected "the defendant against any award of damages 'for any condition existing prior to the alleged injury for which [the railroad] was not in any way responsible in causing or aggravating.'" *Id.* In the present case, there was evidence that the asbestos aggravated the plaintiff's pre-existing asthma.

cause the present action was brought under the FELA. This same argument was explicitly rejected in *Humphries v. Pittsburgh & Lake Erie Railroad Company,* 328 Pa.Super. 119, 476 A.2d 919 (1984) and we are bound by that decision. However, during the pendency of the present appeal, the Pennsylvania Supreme Court filed its decision in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986) which, by its terms, directly impacts on the applicability of Rule 238 to the present case.

In *Craig,* a medical malpractice action, the trial court added delay damages to the jury's verdict for plaintiff pursuant to Rule 238. On appeal, defendant argued that Rule 238 was unconstitutional and that the delay was the fault of the plaintiffs, not the defendant. The Supreme Court concluded that Rule 238 violated the Due Process clause by denial of a forum to assess fault for the delay, and that the rule established an uncontestable presumption that the defendant was responsible for the delay. The Court also noted that the rule was a substantive enlargement of the duty owed by the defendant. The Court immediately suspended "those mandatory provisions of Rule 238 which assess delay damages against defendants without regard to fault...." Id., 512 Pa. at 65, 515 A.2d at 1353. The suspension of the rule was to be given prospective effect only:

> Those parties whose cases are now in the appellate or post-trial process, who have not asserted attacks *on the Rule 238 aspect of the damage award,* may not now assert such challenges. However, in those cases where the issue has been preserved, the court before whom the case resides on or after this date is to resolve the issue in a manner consistent with this opinion.

Id., 512 Pa. at 66, 515 A.2d at 1353.

In the present case, B & O has argued that it is not liable for the payment of any delay damages under Rule 238. Although B & O did not specifically raise the issue of fault for delay, the trial court did assess delay damages against it and B & O has properly preserved for review the issue of

its liability under Rule 238. Accordingly, we find that *Craig* is applicable to the present case and that the appropriate method of resolving the issue is to remand the case to the trial court for an evidentiary hearing to be held in accordance with the dictates of *Craig.* The trial court may order the parties to proceed on the matter by petition and answer. *Craig* provides guidance to the trial court in considering and ruling on the 238 issue:

> Prior to reaching a decision, the judge may hold a hearing to resolve any factual disputes.... In making a decision on a plaintiff's entitlement to delay damages the mere length of time between the starting date and the verdict is not to be the sole criterion. The fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors.

Id., 512 Pa. at 65–66, 515 A.2d at 1353 (footnote omitted). With these guidelines in mind, the trial court can properly assess fault, if any, in delay.

Judgment vacated. The case is remanded to the trial court for further proceedings consistent with the foregoing opinion. Jurisdiction is relinquished.