**Jody R. DAVIS, Appellant,**

v.

**Jeffrey D. MULLEN, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 1, 2000.

Filed May 31, 2000.

Reargument Denied Aug. 9, 2000.

John J. Petrush, Beaver, for appellant.

Frank J. Micale, Warrendale, for appellee.

Before DEL SOLE, EAKIN and TODD, JJ.

DEL SOLE, J.:

¶ 1 Appellant filed suit against Appellee for damages arising out of a motor vehicle accident. Appellee admitted liability. The jury awarded damages in the amount of $4,218.44. Appellant moved for the grant of a new trial. The trial court denied the motion. Appellant filed this timely appeal.

¶ 2 The accident occurred when Appellee fell asleep at the wheel, crossed the center line of a highway and struck Appellant's truck with his vehicle, causing Appellant's truck to travel up an embankment and turn over on its side. After the accident, Appellant was transported, via ambulance, to the hospital where he was examined, x-rayed and discharged with a prescription for a painkiller. Appellant testified that he was generally bruised and sore, he had a painful abrasion on his right thigh and his lower back and neck were painful.

¶ 3 Following the accident, Appellant treated with a chiropractor for several months for back and neck pain, as well as a numbness in his right leg. He underwent an MRI. He also treated with a neurologist recommended by his chiropractor for evaluation of a possible nerve entrapment. His medical expenses, including ambulance and hospital care the day of the accident, chiropractic treatment, neurological examination and the MRI totaled $3,901.00.

¶ 4 The accident also damaged personal property belonging to Appellant in the amount of $317.44. Thus, his medical expenses plus his personal property damages totaled $4,218.44, the exact amount of the damages awarded at trial. Clearly, the jury did not award Appellant any amount of damages for pain and suffering. This was the basis for Appellant's motion for a new trial.

¶ 5 "Whether a new trial should be granted on the grounds of inadequacy of damages is a matter within the trial court's

discretion. The purpose of appellate review is to determine if the trial court abused its discretion." *Dougherty v. McLaughlin*, 432 Pa.Super. 129, 637 A.2d 1017, 1019 (1994)(citing *Krivijanski v. Union R. Co.*, 357 Pa.Super. 196, 515 A.2d 933 (1986)).

¶ 6 In *Dougherty*, the plaintiff was awarded damages for hospital care he was given following an automobile accident. However, the jury awarded him no damages for pain and suffering. The trial court granted the plaintiff's motion for additur. On appeal, this Court found the additur improperly granted; however, we remanded for a new trial due to the inconsistent nature of the jury's award. The *Dougherty* court explained:

> Tort victims must be compensated for all that they lose and all that they suffer. *Boggavarapu v. Ponist*, 518 Pa. 162, 542 A.2d 516 (1988). Where a jury awards a plaintiff his medical expenses, they make a finding that the expenses were related to the defendant's actions in injuring the plaintiff. *Catalano v. Bujak*, 148 Pa. Cmwlth. 269, 611 A.2d 314 (1992), *alloc. granted*, 534 Pa. 642, 626 A.2d 1159 (1993). However, by not awarding any pain and suffering, the jury also makes a finding that the plaintiff did not suffer as a result of his injuries and subsequent surgery. *Id.* Such findings are inherently inconsistent. *Id.*

*Id.*, 637 A.2d at 1019–20.

¶ 7 We believe *Dougherty* controls the outcome of this case. Here, Appellant claimed he was injured in the accident in which his truck was overturned. The jury awarded him damages to compensate him for medical expenses stemming from his claimed injuries. However, their limited award indicated they did not find he suffered from these injuries. We find that conclusion insupportable. Accordingly, we vacate the judgment, and remand for a new trial.

¶ 8 Judgment vacated. Case remanded for new trial. Jurisdiction relinquished.

¶ 9 Judge EAKIN files a dissenting opinion.

EAKIN, J., dissenting:

¶ 1 While the verdict equaled the medical bills and property damage ($4,218.44), it was nevertheless a general verdict. In my view, this distinguishes the *Dougherty* case sufficiently to sustain the otherwise appropriate result. Accordingly, I respectfully dissent from the thoughtful analysis of my colleagues.

¶ 2 This Court is repeatedly asked to review verdicts where a jury has allowed a plaintiff to recover medical expenses, but declined to award more where the injuries were minimal or potentially unrelated to the accident. This might be a misapprehension of their obligation – it might also be a compromise. It is not hard to imagine jurors divided, some ready to award all expenses plus pain and suffering, while others want to award nothing at all; a common compromise would award special damages but nothing more. Compromise verdicts are proper in most every other scenario one can imagine, yet we fail to allow compromise in this limited situation.

¶ 3 While the theory of *Dougherty* and the like is well-established law, it is nearly nonsensical to be obliged to hold a verdict of $4,218.44 invalid, when an award of a dollar more, or a dollar less, would have been beyond complaint. However, acknowledging this to be the law, trial courts should instruct the jury that if they find injury from the accident, (or award medical expenses), they *must* award something for pain and suffering on pain of having the verdict nullified. If not part of the original charge, they should be returned for further deliberations with appropriate instruction; it makes no sense to force an appeal, reversal and complete retrial.

¶ 4 This jury was not given this instruction. On retrial, such an instruction would seem to be in order.