**Shaun McDERMOTT, Appellant**

v.

**CONSOLIDATED RAIL CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 10, 2001.

Filed Feb. 21, 2001.

Raymond P. Forceno, Philadelphia, for appellant.

T.H. Lyda, Pittsburgh, for appellee.

Before STEVENS, MONTEMURO * and BECK, JJ.

---

* Retired Justice assigned to Superior Court.

MONTEMURO, J.:

¶ 1 Appellant, Shaun McDermott, appeals from an order entered in the Philadelphia County Court of Common Pleas denying his motion for a new trial as to damages awarded him under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. §§ 51–60. The trial court upheld the jury verdict, which: found Appellee, Consolidated Rail Corporation, liable for Appellant's carpal tunnel syndrome; compensated Appellant for wages lost during rehabilitation from surgery; but declined to award damages for pain and suffering. (Trial Ct. Op. at 1) (citing *Catalano v. Bujak*, 537 Pa. 155, 642 A.2d 448 (1994)). Because we find this case distinguishable from *Catalano*, and rather, controlled by *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634 (1995), we vacate and remand.

¶ 2 Appellant began working for Appellee in 1976 as a machinist and track repairman, jobs that require use of manual, electric and pneumatic tools. In 1994, tingling and pain in his hands led Appellant to have a nerve screening, from which he was first diagnosed with carpal tunnel syndrome, a repetitive motion disorder. Subsequently, several physicians treated Appellant with splints and medications, but the pain persisted until 1997, when Appellant underwent carpal tunnel release surgeries on both of his hands. The surgeries and subsequent rehabilitation prevented Appellant from working between June and December 1997, during which time he forfeited $12,729 in anticipated wages. Since recovering from the surgeries, Appellant has not suffered pain in his hands and has been able to resume working as a machinist and railroad track repairman.

¶ 3 Appellant filed suit under FELA, alleging that Appellee negligently failed to provide safe working conditions, and that Appellee's negligence caused Appellant to develop carpal tunnel syndrome. At trial, the parties vigorously litigated causation by presenting several physicians and occupational health experts who testified as to whether or not Appellant's work, and therefore Appellee's negligence, caused the carpal tunnel syndrome.

¶ 4 At the conclusion of testimony, the trial judge gave the following instruction regarding damages:

Now, ladies and gentlemen, your verdict for plaintiff, if you decide to give a recovery—and again that's up to you—it would be returned in a lump sum, one sum of money, and would include the following: adequate compensation for plaintiff['s] pain, suffering, discomfort, anxieties, fears, depression, inconveniences, and all other adverse effects, including the effects of the operative procedures . . . .

The second part of this is a sum of money sufficient to compensate the plaintiff[ ] for a loss of earning capacity which the plaintiff suffered from the time of the [injury] until the present time. [Since plaintiff has resumed working,] he is making a claim for past wage loss.

\* \* \*

Now damages may be awarded only if you find plaintiff's evidence provides sufficient data to assess them with reasonable certainty. While damages may not be awarded on the basis of speculation, conjecture or guesswork, the law does not require mathematically exact proof.

(N.T., 11/8/99, at 152–53, 156).

¶ 5 After the jury began deliberating, the jurors asked the court whether the amount to be entered in the space on the verdict form for damages should include pain and suffering. The court replied, "Yes, pain and suffering is one of the types of damages that's included . . . ." (N.T., 11/9/99, at 2). The jury resumed deliberations, and subsequently returned the special verdict form, finding that Appellee breached its duty to provide reasonably safe working conditions and that this breach caused Appellant's injury. The jury also found, however, that Appellant's

damages were $12,729—the precise amount of Appellant's past lost wages.

¶ 6 The trial court entered judgment on the verdict, and Appellant filed a post trial motion requesting a new trial on the issue of damages. In support of the motion, Appellant argued that the jury award merely contemplated lost wages, making it inadequate to compensate Appellant for his pain and suffering. The trial court denied the motion based on *Catalano, supra,* but conceded that the holding of this Court in *Davis v. Mullen,* 755 A.2d 693 (Pa.Super.2000), if applicable, would dictate the opposite result. (Trial Ct. Op. at 2). This appeal followed.

¶ 7 On appeal, Appellant contends that the trial court erred in declining to order a new trial, and submits the following two bases for error: (1) that the jury award is inadequate because it does not compensate Appellant for pain and suffering; and (2) that the award is inconsistent with the finding that Appellee's negligence caused Appellant's carpal tunnel syndrome, an inherently painful condition. Assuming that a new trial is warranted, Appellant next contends that such trial should be limited to the issue of damages because liability has already been fully and fairly litigated.

¶ 8 It is well established that a trial court may grant a new trial only when a jury verdict is so contrary to the evidence that it shocks one's sense of justice. *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634, 636 (1995). It is equally well established that, in evaluating a trial court's order granting or denying a new trial, our standard of review is limited. *Id.* We will not disturb a trial court's order absent a finding that the court abused its discretion or committed an error of law. *Id.* With these standards in mind we turn to the case before us.

¶ 9 First, we must determine whether the damage award provides adequate compensation and is consistent with the finding that Appellee's negligence caused Appellant's carpal tunnel syn-drome. The trial court based its analysis of these issues on our Supreme Court's decision in *Catalano.* In that case, the plaintiff alleged that the defendant, a police officer, used unnecessary force to arrest the plaintiff when the officer "forced him over the hood of his car in order to handcuff him [so] that he injured his wrists when he extended his arms to break the fall against the hood." *Catalano, supra* at 449. Subsequently, the plaintiff had surgery on his wrists and sued the arresting officer, claiming damages for medical expenses, incidental costs, lost wages and pain and suffering. At trial, the defendant contended that the plaintiff's wrist injuries were caused by his work in a supermarket.

¶ 10 The jury returned a verdict for the plaintiff in the amount of $1,210 for medical expenses and $332 for incidental costs. The plaintiff filed a post trial motion requesting a new trial on both liability and damages, which the trial court denied. *Id.* On appeal, the Commonwealth Court reversed, finding the verdict inadequate and inconsistent because, although the jury specifically found that the defendant caused the injuries, it declined to award damages for pain and suffering. The Commonwealth Court explained further that a new trial was required "because liability was [hotly] contested and because liability was inextricably related to the issue of damages." *Id.* at 450. Thus, our sister court ordered a new trial as to both liability and damages, and the plaintiff sought review in our Supreme Court.

¶ 11 The Supreme Court granted review, and concluded that the Commonwealth Court had impliedly found that the jury reached a compromise verdict. "That is, although the jury believed that the defendant caused the injury, perhaps it was not fully convinced that the defendant was responsible for the totality of the injury, and reduced the damages accordingly." *Id.*

¶ 12 In reversing the Commonwealth Court, the Supreme Court stated a much different view of the jury's reasoning: "the jury apparently did not believe that pain

and suffering . . . or missed work, resulted from *the injury which [the] defendant caused.* It did believe that medical and incidental expenses were incurred as a result of the injury, and it awarded damages for those claims." *Id.* at 451 (emphasis added). In other words, the *Catalano* jury merely found that the defendant's conduct *"harmed"* the plaintiff momentarily, and, in fact, attributed the separate injury that required surgery to an alternative cause. *Catalano, supra* at 449, 451. Based on this view of the jury's reasoning, the Court held that the verdict was both consistent and adequate.

¶ 13 Unlike the *Catalano* jury, however, the jury in the instant case specifically found that by breaching its duty to provide safe working conditions Appellee *"played a part"* in causing Appellee to develop carpal tunnel syndrome, the condition that caused Appellant pain and required surgery. (Verdict Sheet, 11/9/99, Question 2). Since *Catalano* involved two separable injuries whereas the instant case involves only one, the cases are distinguishable, and the trial court erred by concluding that *Catalano* is controlling.

¶ 14 Rather, *Neison v. Hines,* 539 Pa. 516, 653 A.2d 634 (1995), controls the outcome of this case. In *Neison,* the plaintiff suffered soft tissue damage, a cervical sprain and a herniated disc when the car driven by the defendant struck the plaintiff's car from behind with such force that her head snapped back and shattered the rear window of her two-seater sports car. *Id.* at 635–39. Although the defendant admitted liability, the jury declined to award the plaintiff damages for pain or suffering, apparently because "the evidence offered at trial left room for disagreement as to whether the pain resulting from [the plaintiff's] injuries was as severe as she claimed." *Id.* at 638. The plaintiff filed a post trial motion requesting a new trial on damages, which the trial court granted. On appeal, this Court reversed and reinstated the jury verdict.

¶ 15 The Supreme Court granted review and reversed our ruling, reasoning that the trial court properly ordered a new trial under *Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988). In *Boggavarapu,* the Court restated the general principle that "victims must be compensated for all that they suffer from the tort of another." *Id.* at 518; *see also Neison, supra* at 638. The Court stated further that "there are injuries to which human experience teaches there is accompanying pain. These are injuries in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, *injury to a nerve."* *Boggavarapu, supra* at 518 (emphasis added). Since the plaintiff sustained muscular and skeletal injuries of the type identified in *Boggavarapu* and its progeny, the Court concluded that she inevitably suffered accompanying pain. Because the damage award did not include an award for this pain, it was both inadequate and inconsistent.

¶ 16 In the instant case, the fact that the damage award is identical to the amount of Appellant's past lost wages indicates that the jury believed that Appellee did not suffer pain from his carpal tunnel injuries and the two surgeries he underwent to alleviate the condition. This finding is insupportable because, as discussed *supra,* our Supreme Court has explicitly held that an injury to a nerve inevitably causes pain. *Boggavarapu, supra* at 518; *Neison, supra* at 638; *Davis, supra* at 694. Moreover, our own Court has recently held that injuries requiring surgery are also inherently painful. *Davis, supra* at 694 (quoting *Dougherty v. McLaughlin,* 432 Pa.Super. 129, 637 A.2d 1017, 1019 (1994)).

¶ 17 Since carpal tunnel syndrome is an injury to the nerves in the wrist and since Appellant underwent two surgeries, he inevitably experienced compensable pain and suffering. *Boggavarapu, supra* at 518; *Neison, supra* at 638; *Davis, supra* at 694. Thus, the existing damage award is both inadequate to compensate Appellant and inconsistent with the finding that Appellee

caused Appellant's carpal tunnel syndrome. For these reasons, the trial court erred in declining to order a new trial.

■ ¶ 18 Finally, we must consider the proper scope of the new trial. Appellant contends that it should be limited to the issue of damages, whereas Appellee contends that the new trial should determine both damages and liability. As noted by the parties, it is generally the law in this jurisdiction that a new trial may be limited to the issue of damages only when liability is not intertwined with the question of damages, and the issue of liability is either not contested or has already been fairly determined. *Gagliano v. Ditzler,* 437 Pa. 230, 263 A.2d 319, 320 (1970). However, the instant tort action was brought under FELA, a federal statute. Therefore, even though the case is in state court, we must determine the substantive issue of damages by applying relevant federal law. *Dale v. Baltimore & Ohio Railroad Co.,* 359 Pa.Super. 477, 519 A.2d 450, 454 (1986).

¶ 19 In *Farmer v. Pennsylvania Railroad Co.,* 311 F.Supp. 1074 (W.D.Pa.1970), the defendant railroad negligently exposed the plaintiff to a toxic mist that caused the plaintiff's lungs to become susceptible to tuberculosis, which he later contracted. *Id.* at 1076. In state court, the defendant presented evidence that the plaintiff smoked cigarettes; and, based on this evidence, requested a jury charge that if smoking contributed to the plaintiff's susceptibility to tuberculosis the jury should apportion damages between the two causes. The court declined to make the requested charge, and the defendant appealed to the Federal District Court for the Western District of Pennsylvania. In affirming the state court's decision, the federal court stated:

> [w]here a railroad's negligence causes, in whole or in part, an injury to its employee, it is liable for the entire amount of damages, and there is no provision for reduction of damages for innocent

causes which concur with the defendant's negligence in causing the injury. *Id.* at 1076–77.

¶ 20 In *Dale v. Baltimore & Ohio Railroad, supra,* this Court approved the above-quoted portion of *Farmer.* In *Dale,* the defendant railroad negligently exposed the plaintiff to asbestos dust, causing him to develop asbestosis. It was, however, undisputed that the plaintiff had suffered from asthma since childhood, and the defendant contended that the asthma was a partial cause of the asbestosis. We found the case indistinguishable from *Farmer,* and thus held that the railroad was liable for the entire amount of damages from the asbestosis, regardless of whether the plaintiff's asthma contributed to his development of the later disease. *Id.* at 454.

■ ¶ 21 In the instant case, the jury specifically found that the railroad's negligence was a cause of the Appellant's carpal tunnel syndrome. Appellee presented expert medical testimony that other activities, such as push-ups, could have contributed to the condition. However, the law discussed *supra* is clear that when "a railroad's negligence causes, in whole *or in part,* an injury to its employee, *it is liable for the entire amount of damages, and there is no provision for reduction of damages for innocent causes.*" *Farmer, supra* at 1076–77 (emphasis added); *see also Dale, supra* at 454. Since the jury found that Appellee caused Appellant's condition, at least in part, Appellee is liable under *Farmer* and *Dale* for the entire amount of damages.

¶ 22 In sum, the jury award is both inadequate because it does not compensate Appellant for the pain he suffered, and inconsistent with the finding that Appellee's negligence caused Appellant to develop carpal tunnel syndrome, an inherently painful condition that required surgery. Accordingly, we vacate the verdict and remand for a new trial for the sole purpose of assessing damages. Moreover, we remand with the specific instruction that Appellee shall be liable for the entire amount

of damages suffered by Appellant, and that amount may not be reduced even if the fact finder believes that an alternative cause contributed to Appellant's carpal tunnel syndrome.

¶ 23 Vacated and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.