Shaun McDERMOTT, Respondent,

v.

CONSOLIDATED RAIL
CORPORATION,
Petitioner.

Supreme Court of Pennsylvania.

Dec. 20, 2001.

### ORDER

PER CURIAM.

**AND NOW,** this 20th day of December, 2001, the Petition for Allowance of Appeal is hereby **GRANTED.** Furthermore, the order of the Superior Court is **VACATED** and the matter is **REMANDED** for reconsideration. On remand, the Superior Court is specifically directed to consider this court's decision in *Davis v. Mullen,* 565 Pa. 386, 773 A.2d 764 (2001).

Furthermore, we note that the Superior Court, relying on *Dale v. Baltimore & Ohio Railroad Co.,* 359 Pa.Super. 477, 519 A.2d 450 (1986), incorrectly stated that Petitioner is liable for the entire amount of the damages regardless of whether Petitioner was the sole cause of the injury. Unfortunately, the Superior Court failed to apprehend that we specifically rejected that portion of their *Dale* opinion. *See Dale v. Baltimore & Ohio Railroad Co.,* 520 Pa. 96, 552 A.2d 1037, 1041 (1989). We note, however, that we express no opinion as to whether our *Dale* decision should be utilized in the resolution of this matter on remand.

In the Matter of Jonathan
Andrew MOORE

Petition for Reinstatement.

No. 255 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Dec. 28, 2001.

### ORDER

PER CURIAM.

AND NOW, this 28th day of December, 2001, a Rule having been issued upon respondent on October 11, 2001, to show cause why an order denying reinstatement should not be entered and, upon consideration of the response filed, it is hereby

ORDERED that the Rule is discharged and the Petition for Reinstatement is granted. Pursuant to Rule 218(e), Pa. R.D.E., petitioner is directed to pay the expenses incurred by the Disciplinary Board in the investigation and processing of the Petition for Reinstatement.

CASTILLE, Justice dissents.