Chief Justice FLAHERTY joins this Dissenting Opinion.

**WEST PHILADELPHIA THERAPY CENTER and Brian Torchin, Appellants,**

v.

**ERIE INSURANCE GROUP, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 31, 2000.
Filed March 29, 2000.
Reargument Denied June 5, 2000.

Jerold E. Rothkoff, Philadelphia, for appellants.

Edward J. Wilbraham, Philadelphia, for appellee.

Before FORD ELLIOTT and MUSMANNO, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1 West Philadelphia Therapy Center (PTC) and Dr. Brian Torchin (Torchin) appeal from the order entered in the Court of Common Pleas of Philadelphia County granting non-suit in favor of Appellee, Erie Insurance Group (Erie). We reverse.

¶ 2 On or about November 26, 1996, Zachary Rollins, Walter Sabbath, and Eric Sabbath were involved in a motor vehicle accident. As a result of the injuries the parties sustained in the accident, they sought treatment at PTC, where they were placed in the medical care of Dr. Torchin. At the time of the accident, the automobile in which Rollins and the Sabbaths were located was insured by Appellee, Erie. The Erie insurance policy provided first-party medical benefits. Rollins incurred medical expenses exceeding $2,000.00 while he was treated at PTC; the Sabbaths' expenses totaled more than $6,000.00. Erie refused to pay the above expenses for Rollins and the Sabbaths, claiming that their treatment at PTC was not reasonably necessary. As a result, Appellants instituted two separate actions against Erie for benefits, as well as compensation for attorney's fees. The cases proceeded to municipal court where two judgments in favor of plaintiffs, in the amount of $1,838.75 and $4,971.00, plus court costs, were rendered. Erie appealed these decisions to the court of common pleas. The cases were consolidated for purposes of trial.

¶ 3 The cases proceeded to a jury trial. During the course of plaintiffs' case, the defense objected to the testimony of a purported plaintiff expert witness, a chiropractor. The court sustained the objection. Defense counsel then moved for a non-suit at the conclusion of plaintiffs' case. The court granted the non-suit. After filing post-trial motions that were denied, PTC and Torchin filed the instant appeal, raising the following issue for our review:

Did the trial court err in not qualifying Dr. Joseph Davidson to testify as an expert witness where Dr. Davidson is a licensed chiropractor who has been practicing chiropractic medicine for approximately six years?

¶ 4 In *Joyce v. Boulevard Physical Therapy & Rehabilitation Ctr., P.C.*, 694 A.2d 648 (Pa.Super.1997), our court reiterated the well-established standard for a trial court's entry of a non-suit:

Our standard of review in determining the propriety of an entry of nonsuit is that it is proper only if the factfinder, viewing all the evidence in favor of the plaintiff, could not reasonably conclude that the essential elements of a cause of action have been established. *Biddle v. Johnsonbaugh*, [444 Pa.Super. 450,] 664 A.2d 159 (1995); *Orner v. Mallick*, [432 Pa.Super. 580,] 639 A.2d 491, 492 (1994). "When a nonsuit is entered, the lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement." *Gregorio v. Zeluck*, [451 Pa.Super. 154,] 678 A.2d 810, 813 (.1996) (citing *Dion v. Graduate Hospital of Univ. of Pennsylvania*, [360 Pa.Super. 416,] 520 A.2d 876 (1987)). A compulsory nonsuit can only be granted in cases where it is clear that a cause of action has not been established and the plaintiff must be given the benefit of all favorable evidence along with all reasonable inferences of fact arising from that evidence, resolving any conflict in the evidence in favor of the plaintiff. *Coatesville Contractors v. Borough of Ridley*, 509 Pa. 553, 506 A.2d 862 (1986); *Poleri v. Salkind*, [453 Pa.Super. 159,] 683 A.2d 649 (1996). The fact-finder, however, cannot be permitted to reach a decision on the basis of speculation or conjecture. *Biddle*, 664 A.2d at 161.

*Id.* at 653.

¶ 5 Whether a witness has been properly qualified to give expert witness testimony is vested in the discretion of the trial court. *McDaniel v. Merck, Sharp & Dohme*, 367 Pa.Super. 600, 533 A.2d 436 (1987). Pennsylvania's standard for qualifying a witness as an expert is rather

liberal—if the witness possesses knowledge with regard to subject matter that is beyond the knowledge, information, or skill possessed by the ordinary juror, he or she may testify. *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 588 A.2d 1 (1991).

¶ 6 In the present case, the trial court found Dr. Joseph Davidson was not qualified to testify on behalf of plaintiffs' case-in-chief due, in part, to the fact that he was not certified by the National Board of Chiropractic Examiners. When a witness is offered as an expert, the first question the trial court should ask is whether the subject on which the witness will express an opinion is "so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman." McCormick, **Evidence** 33 (3d ed. 1984) (footnote omitted). *See Commonwealth v. Leslie*, 424 Pa. 331, 227 A.2d 900 (1967); *Commonwealth ex rel. M.B. v. L.D.B.*, 295 Pa.Super. 1, 440 A.2d 1192, 1197 (1982). If the subject is of this sort, the next question the court should ask is whether the witness has "sufficient skill, knowledge, or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *See In Re Involuntary Termination of Parental Rights*, 449 Pa. 543, 297 A.2d 117 (1972) (expert witness must show special knowledge of the very question upon which he promises to express opinion); *Kravinsky v. Glover*, 263 Pa.Super. 8, 396 A.2d 1349 (1979) (no error in qualifying witness as expert in psychology with special focus on driving phobia similar to plaintiff's); *Erschen v. Pennsylvania Independent Oil Co.*, 259 Pa.Super. 474, 393 A.2d 924 (1978) (witness who had no formal instruction or on-the-job training in origin of gas explosions was not qualified as expert, notwithstanding qualifications as fire marshall); *Taylor v. Spencer Hospital*, 222 Pa.Super. 17, 292 A.2d 449 (1972) (error not to allow nurse experienced in handling psychiatric patients to testify about standards for restraints).

¶ 7 It is the second-prong of this test that is central to our determination of the issue on appeal. We disagree with the trial court's statement that because Davidson "had only been practicing in the chiropractic field for approximately six years and had questionable credentials" that he was not qualified to testify as an expert for plaintiffs. In fact, a person may qualify to testify as an expert even when he or she has had no formal training or education. *See Miller v. Brass Rail Tavern, Inc.*, 541 Pa. 474, 664 A.2d 525 (1995) (non-medically trained coroner qualified to give an opinion concerning time of death). In some cases, the expert's knowledge comes from experience. *See Palmer v. Lapp*, 392 Pa.Super. 21, 572 A.2d 12 (1990).

¶ 8 Presently, Dr. Davidson testified that he attended a chiropractic college, completed an internship at the Pennsylvania College of Chiropractic, and an externship at Better Health Chiropractic Center. Thereafter, he opened his own rehabilitation center and has two offices where he practices. He is board eligible in chiropractic rehabilitation and is licensed in this Commonwealth for chiropractics. He attended four years of chiropractic school and has attended many post-graduate seminars; on an annual basis he completes twenty-four hours of continuing education.

¶ 9 An additional reason that the court noted in its decision to not qualify Dr. Davidson as an expert was the fact that the chiropractic college that he attended is no longer operating and that he was unaware of the exact name of the organization that had accredited his college. Even in light of these facts, we do not find them prohibitive of his ability to qualify as an expert witness. His extensive practical experience and formal training make him well-qualified to testify on the subject matter of chiropractics. *Palmer, supra.*

¶ 10 Moreover, the fact that Dr. Davidson improperly *indicated he was board certified, which is a higher achievement than his board eligible status, on his cur-*

riculum vitae should not affect his qualification status. Such factors are to be taken into account with regard to the credibility to be accorded his testimony—a function of the trier-of-fact, in this case, the jury. It is well noted that as a general rule, an expert's opinion testimony is treated in the same manner as other testimony—it is entitled to no special weight or value. The trier-of-fact should consider the expert's qualifications and reliability and the reasons he or she gives for an opinion. *See Chesney v. Stevens*, 435 Pa.Super. 71, 644 A.2d 1240 (1994). *See also Smith v. Shaffer*, 511 Pa. 421, 515 A.2d 527 (1986); *Kuisis v. Baldwin–Lima–Hamilton Corp*, 457 Pa. 321, 319 A.2d 914 (1974) (the weight to be assigned to the expert's testimony, of course, is for the trier-of-fact).

¶ 11 We find that the trial court abused its discretion in refusing to qualify Dr. Davidson as an expert for plaintiffs' case. In doing so, the plaintiffs were prevented from presenting any evidence to prove their case. Accordingly, the non-suit must be removed and a new trial ordered. *Joyce, supra.*

¶ 12 Order reversed. Case remanded for a new trial in accordance with the dictates of this decision. Jurisdiction relinquished.