**Mi HYANG and Jin Shin**

**v.**

**Anthony LYNDE and Susan E. Faz.**

**Appeal of Anthony Lynde.**

Superior Court of Pennsylvania.

Argued Jan. 8, 2003.

Filed March 24, 2003.

Joseph B. Mayers, Blue Bell, for appellants.

Paul R. Sack, Bala Cynwd, for appellees.

Before KLEIN, BENDER and CAVANAUGH, JJ.

OPINION BY KLEIN, J.:

¶ 1 Anthony Lynde appeals from a grant of new trial on damages. This was an automobile accident case with conceded negligence. Plaintiff claimed that she sustained multiple injuries that impacted on her long-term ability to work, including headache, neck pain, arm pain, back pain, and radiating leg pain. Defense vigorously contested the major injuries, only conceding that there was minor back and neck strain and sprain. The jury found that the accident was not a substantial contributing factor to any of Plaintiff Mi Hyang Shin's injuries.

¶ 2 There are two issues in this case. The first is whether the testimony of the defense doctors agrees with or contradicts the assessment of Shin's physicians that she suffered back sprain and strain from the accident. The second is the scope of the new trial, if we find that there are conceded back and neck injuries. Should the trial be limited to the conceded back and neck sprain and strain, or should the plaintiff have a "second bite at the apple" and again argue that she is entitled to damages from all the claimed injuries, including the major injuries the jury rejected in the first trial?

¶ 3 We affirm the trial court ruling that there should be a new trial on damages, but hold that those damages must be limited to the uncontested claim of minor back and neck sprain and strain.

## 1. The evidence requires a new trial for damages from back and neck sprain and strain.

¶ 4 Taking the testimony as a whole, we find that the defense expert, Karl Rosenfeld, M.D., conceded that Shin suffered compensable injuries from the accident. Therefore, *Andrews v. Jackson,* 800 A.2d 959 (Pa.Super.2002), *app. denied,* 813 A.2d 835 (Pa.2002), is controlling. Because it was conceded that Mrs. Shin suffered neck and back strain from the accident that lasted approximately six weeks, the jury ignored the uncontroverted medical testimony, and the verdict was against the weight of the evidence. Therefore, we affirm the trial court's grant of a new trial, limited to providing compensation for neck and back strain and sprain.

¶ 5 We recently restated the law in this area in *Majczyk v. Oesch,* 789 A.2d 717 (Pa.Super.2001), and *Andrews, supra.* In *Majczyk,* this Court synthesized existing case law to hold that when the defense expert concedes that there would be a compensable injury from the accident, it is against the weight of the evidence if the jury finds no causation. *See Id.* at 722; *see also Mano v. Madden,* 738 A.2d 493, 497 (Pa.Super.1999) (*en banc*) ("It is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony of the experts for both parties that the plaintiff suffered some injury as a result of the accident in question."). In *Andrews,* while the defense expert contradicted disk injury, the defense expert also stated that the plaintiff had simple cervical strain. *Id.,* 800 A.2d at 961. Therefore, we affirmed the lower court's grant of a new trial on the basis that both parties' medical experts had agreed that the plaintiff had suffered some injury because of the accident. *Id.*

¶ 6 In order to resolve the first issue raised in this case, we must examine the testimony of defense expert, Karl Rosenfeld, M.D. The trial court granted a new trial on damages pointing to Dr. Rosenfeld's testimony that Mrs. Shin "at the time of the accident sprained her neck and back." Lynde takes the position that this phrase in Dr. Rosenfeld's testimony is dependent on Dr. Rosenfeld assuming that the jury would find that Mrs. Shin and the plaintiff's doctors were credible.

¶ 7 Lynde says that for a variety of reasons, it was well within the jury's province to disbelieve Mrs. Shin as an interested plaintiff and the plaintiff's doctors as "hired guns" who contradicted each other and the plaintiff herself. Therefore, the jury was justified in believing that Mrs. Shin was "puffing" her injuries and her doctors were just saying what needed to be said to make out a case. Therefore, Lynde argues, the jury was correct in rejecting the plaintiff and her experts and finding that the accident was not a substantial contributing factor to Mrs. Shin's injuries.

¶ 8 However, the defense position is not supported by a full review of the testimony. Perhaps most significantly, *defense counsel* in closing argument conceded that Dr. Rosenfeld said that Mrs. Shin suffered a strain and sprain of the neck and lower back. Defense counsel cannot have it both ways. Defense counsel cannot for strategic reasons argue, "I am being fair, you should find a neck and back sprain, but not the serious injuries," and then take the position that the jury should have found no compensable injuries.

¶ 9 Defense counsel stated in closing argument:

> Sure, Dr. Rosenfeld said when I asked him the question, does the plaintiff have any injury as a result of the accident, he said, Well, yeah, I would say a strain and sprain of the neck and the lower back. And that's the kind of injury that in a normal person, without a pre-existing history of problems or prior accidents, would resolve in six weeks.

(N.T. 2/15/02, at 59).

¶ 10 Moreover, when Dr. Rosenfeld testified, he clearly stated his belief that Mrs. Shin sprained her neck and back. (N.T. 11/5/01, at 17). Dr. Rosenfeld was never asked whether his opinion was based on objective or subjective findings. He was never asked whether it was necessary to believe Mrs. Shin to make this finding. He also never questioned the credibility of the plaintiff's experts. In fact, Dr. Rosenfeld stated specifically that he and Dr. Hong made the same diagnoses of what happened to Mrs. Shin. Dr. Rosenfeld testified:

Q. And can you tell the jury what Dr. Hong's . . .

A. Actually, his exam could be my exam. It looks exactly like my exam then (sic) mine did when I saw her.

Q. And Dr. Hong's diagnosis with regard to the neck and back on that initial visit?

A. Post-traumatic right-sided cervical strain, so he's saying that she hurt her neck as a result of the accident, and lumbrosacral strain. So he and I coincide on our diagnoses of what this woman did at the time of the accident.

(N.T. 11/5/01, at 25).

¶ 11 The defense claim made now is not based on expert testimony but conjecture on the part of defense counsel. When the defense expert specifically states that he agrees with the diagnosis of minor injury made by the plaintiff's expert, it is impossible for a jury to go through all the machinations posed by the defense to find no injury.

**2. The new trial on damages should be limited to back and neck sprain and strain.**

■ ¶ 12 Courts frequently face the issues in this case. The plaintiff claims that he or she suffered significant injuries, often resulting in long-term disability from carrying out normal daily life. The defense claims only a minor strain was suffered. The parties remain focused on the major injuries, and no one remembers that the jury must at least award damages for the uncontroverted limited pain from the sprain and strain.

¶ 13 The issue that has not been addressed is what happens if a new trial is granted. Does the plaintiff get a second bite at the apple and is he or she able to start all over again and claim significant

damages from disc involvement, etc.? Or, in the alternative, is the new trial limited to damages only from the strain and sprain the both sides' experts concede resulted from the accident? We believe that justice requires the latter solution, and we therefore limit the new trial to permitting the jury to award damages only for neck and back strain and sprain.

¶ 14 It is clear that the jury discounted the *controverted* testimony of the plaintiff. The jury clearly rejected the claim that the many serious injuries claimed by Mrs. Shin resulted from the accident. There is no reason to upset that finding, and, in fact, it was not challenged. Therefore, the trial court properly granted a new trial. However, this new trial should be limited to Shin's claim of damages for the injuries to which the defense expert agreed, namely, that Mrs. Shin suffered neck and back sprain and strain that resolved in approximately six weeks.

■ ¶ 15 Our decision is supported by *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634 (1995), which stated:

[I]t is within the province of the jury to assess the worth of testimony, which it may then accept or reject. We agree that the jury is free to believe, all, some or none of the testimony presented by a witness. However, this rule is tempered by the requirement that the verdict must not be a product of passion, prejudice, partiality, or corruption, or must bear some reasonable relation to the loss suffered by the evidenced as demonstrated by uncontroverted evidence presented at trial. The synthesis of these conflicting rules is that a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evi-

dence as to defy common sense and logic.

653 A.2d at 636–37 (citations omitted).

¶ 16 This rule announced by our Supreme Court indicates that it is only the *uncontested* or conceded injuries which are at issue. As the jury verdict regarding the "major" injuries is supported by the evidence, it is only those remaining *uncontested* injuries that require resolution. Discounting the obvious jury determination that the major injuries are not related to the accident defies justice and common sense. Therefore, we affirm the grant of a new trial, but limit the grant of the new trial to only the uncontested injuries.

¶ 17 Order affirmed in part and reversed in part.