NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4063
_____

RICHARD C. ANGINO; ALICE K. ANGINO,

Appellants

v.

THE CINCINNATI INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cv-00952)
Magistrate Judge:  Hon. Martin C. Carlson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2017

Before:  JORDAN, KRAUSE, *Circuit Judges* and STEARNS[*], *District Judge.*

(Filed:  June 13, 2017)
_____

OPINION[**]
_____

---

[*] Honorable Richard G. Stearns, United States District Court Judge for the District of Massachusetts, sitting by designation.

[**] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Richard and Alice Angino appeal the denial of their motion for a new trial under Federal Rule of Civil Procedure 59. They argue that the District Court gave an erroneous jury instruction on factual causation.[1] We will affirm.

## I.     Background

In November of 2014, Richard and Alice Angino were involved in an automobile accident with an under-insured motorist who, it is undisputed, was at fault. Mr. Angino alleges that, as a result of the accident, he "sustained severe neck, mid and low back injuries," (App. at 5) and that "he suffered on-going permanent disabling injuries ... which would impair his earning capacity for the rest of his life." (App. at 6.)

The Anginos settled with the tortfeasor's liability insurance provider for the policy limit of $30,000. They then brought suit against their own insurance provider, The Cincinnati Insurance Company,[2] seeking as much as $1,000,000 in damages for otherwise uncompensated injuries. Mr. Angino, an attorney, represented himself and his wife in the case.

Cincinnati conceded the negligence of the under-insured motorist but disputed whether the accident was the cause of Mr. Angino's allegedly disabling injuries. Dr. Amir Fayyazi, Cincinnati's medical expert, examined Mr. Angino and concluded

---

[1] By consent of the parties, Magistrate Judge Carlson was designated by the District Court for the Middle District of Pennsylvania to conduct these proceedings and enter final judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

[2] The Anginos' insurance policy with Cincinnati provides coverage in the event of an accident involving an uninsured or under-insured motorist.

that, while Mr. Angino had suffered some temporary back strain because of the November 2014 accident, the claim that Mr. Angino's permanent injuries were caused by the accident was not well-founded. At trial, Dr. Fayyazi told the jury that Mr. Angino had "fully recovered from the injury that was associated with the accident," (App. at 1027), and that the permanent injuries were the result of the natural aging process and a degenerative condition.

The Anginos took inconsistent positions on the jury instructions they wanted. At first, prior to trial, they recognized that proper jury instructions would charge the jury with determining "factual cause as to some injuries." (App. at 11.) Near the end of the trial, however, they changed course and argued that Cincinnati's concession of causation as to the temporary back strain precluded the jury from considering causation as to any of Mr. Angino's injury claims. In other words, the Anginos took the position that because of the one concession, the Court should effectively direct a verdict on all issues of causation.

The Court rejected that argument because it was unsupported by Pennsylvania law. It instead proposed a revised jury instruction and verdict form that would have told the jury that factual causation for the temporary back strain was undisputed but causation for the permanent injuries was in dispute. The proposed instruction would have allowed the jury to determine damages for the temporary back strain but would have submitted to the jury the question of causation for the permanent injuries.

The Anginos objected to the revision. They continued to argue that, if the District Court did not direct a verdict on causation for all injuries, it should simply provide a

3

general factual causation instruction to the jury. Based on that argument, the Court gave the jury a general factual causation instruction.[3] The jury returned a verdict for Cincinnati, concluding that the Anginos had not proven that "the negligence of the [under-insured motorist] was a factual cause of the harms complained of by the [Anginos]." (App. at 1233.)

The Anginos moved for a new trial under Federal Rule of Civil Procedure 59, arguing that, because the jury did not find causation although causation was conceded, the verdict was against the weight of the evidence. According to the Anginos, the District Court had to grant a new trial on damages for all of Mr. Angino's injuries, even those for which he had failed to establish causation. The argument was, in essence, another demand for a directed verdict on causation. The District Court denied the motion for a new trial, with the exception that, if the Anginos elected within 30 days "to proceed with a damages trial limited to the one narrow claim where factual causation was conceded, namely, the claim that [Mr. Angino] experienced temporary back strains

---

[3] The Court gave the following instruction:
> The parties … dispute … whether the tortfeasor's negligent conduct was a factual cause in bringing about the various harms complained of by the plaintiffs.
>
> In order for the plaintiffs to recover in this case, the tortfeasor's negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

(App. at 378-79.)

caused by the accident, the [C]ourt [would] permit a new trial [for damages] on that claim alone." (App. at 15.)

The Anginos elected not to proceed with a new trial limited in that way and instead immediately filed this appeal.

## II.    Discussion[4]

The Anginos argue on appeal that the District Court erred when it gave the issue of factual causation to the jury for determination. "In reviewing a district court's denial of a motion for a new trial ... we ask generally whether the district court abused its discretion, but if the court's denial of the motion is based on application of a legal precept, our review is plenary ... ." *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 (3d Cir. 1995). Here, the denial of the motion for a new trial was based on an interpretation of Pennsylvania law, and we therefore exercise plenary review.

We agree with the District Court that Pennsylvania law does not support the Anginos' argument that, when a defendant concedes causation of some minor injuries, the jury is precluded from determining causation of any other injuries. It is true that Pennsylvania law provides that, "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused *some* injury to the

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. No one contests our jurisdiction. To the extent that any question may exist as to jurisdiction because the Anginos filed the appeal before the 30-day window for a motion for a new trial had elapsed, the District Court's disposition ripened into an order of dismissal when the 30 days expired. *Cf. Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992) (recognizing that where a party declines to amend its complaint within a 30-day window provided by the court as an alternative to dismissal, the order ripens into a final judgment appropriate for an appeal, as provided in *Cape May Greene, Inc. v. Warren*, 698 F.2d 179 (3d Cir. 1983)).

plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least *some* of plaintiff's injuries." *Elliot v. Ionta*, 869 A.2d 502, 509 (Pa. Super. 2005) (quoting *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. 2002)) (emphasis in original); *see also Smith v. Putter*, 832 A.2d 1094, 1099 (Pa. Super. 2003) (holding that the jury's failure to find any causation where some causation was uncontested entitled plaintiff to new trial). And, here, the jury may have been prepared to render a verdict granting damages for the uncontested injuries that had already been the subject of the policy-limits settlement with the tortfeasor's insurance carrier. But that was not what the jury was asked to do. It could have been, but the Anginos refused. They opted instead for a general causation instruction. The jury's attention was primarily directed to Mr. Angino's uncompensated injuries, having heard evidence that Cincinnati had already paid Mr. Angino's medical bills for the temporary injuries.

In a situation where partial causation is conceded but not found by a jury, Pennsylvania precedent instructs that "the proper course is to conduct a new trial limited to only those injuries that were uncontroverted by the defense's medical experts." *Bostanic v. Barker-Barto*, 936 A.2d 1084, 1089 (Pa. Super. 2007); *see also Campagna v. Rogan*, 829 A.2d 322, 329-30 (Pa. Super. 2003) (holding that where concession is made to some injury but the "extent and duration of the injury" is contested, the proper course is to grant a new trial "limited to damages resulting from the uncontroverted injury"); *Hyang v. Lynde*, 820 A.2d 753, 757 (Pa. Super. 2003) (same). That is precisely what the District Court permitted in the order now on appeal. The Anginos were offered the opportunity for a new trial limited to damages for the uncontested injuries. They were

6

not entitled to anything more.  They were certainly not entitled to a new trial for damages for all of Mr. Angino's alleged injuries, as they insisted.  By immediately appealing, the Anginos forfeited their opportunity to obtain the limited relief offered by the District Court.  We decline to give them yet another bite at the apple.[5]

## III.     Conclusion

For the foregoing reasons, we will affirm the District Court's denial of the Anginos' motion for a new trial.

---

[5] The Anginos also argue on appeal that the District Court improperly dealt with evidence related to the calculation of damages for Mr. Angino's permanent disability. Since the jury did not find causation for the permanent disability claim, and we will affirm the judgment, we do not reach the issue of the loss-of-earnings calculation.