**[J-25A-2020 and J-25B-2020] [MO: Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| TINA MCMICHAEL, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF SETH W. MCMICHAEL, DECEASED | : | No. 50 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court entered April 15, |
| | : | 2019 at No. 721 WDA 2018, |
| v. | : | affirming in part and reversing part |
| | : | the Judgment of the Court of |
| | : | Common Pleas of Beaver County |
| MICHELLE J. MCMICHAEL, EXECUTRIX | : | entered May 7, 2018 at No. 11370- |
| OF THE ESTATE OF PETER D. | : | 2013 and remanding. |
| MCMICHAEL, DECEASED; JANICE | : | |
| MCMICHAEL; P&J CONSTRUCTION AND | : | SUBMITTED: April 16, 2020 |
| LANDSCAPE NURSERY LLC; AND | : | |
| MARKWEST ENERGY PARTNERS, L.P. | : | |
| | : | |
| | : | |
| APPEAL OF: MICHELLE J. MCMICHAEL, | : | |
| EXECUTRIX OF THE ESTATE OF PETER | : | |
| D. MCMICHAEL, DECEASED, AND P&J | : | |
| CONSTRUCTION AND LANDSCAPE | : | |
| NURSERY LLC | : | |
| | | |
| TINA MCMICHAEL, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF SETH W. MCMICHAEL, DECEASED, | : | No. 51 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court entered April 15, |
| Appellee | : | 2019 at No. 795 WDA 2018, |
| | : | affirming in part and reversing part |
| | : | the Judgment of the Court of |
| v. | : | Common Pleas of Beaver County |
| | : | entered May 7, 2018 at No. 11370- |
| | : | 2013 and remanding. |
| MICHELLE J. MCMICHAEL, EXECUTRIX | : | |
| OF THE ESTATE OF PETER D. | : | SUBMITTED: April 16, 2020 |
| MCMICHAEL, DECEASED, AND P&J | : | |
| CONSTRUCTION AND LANDSCAPE | : | |
| NURSERY LLC, | : | |
| | : | |
| Appellants | : | |

## DISSENTING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: NOVEMBER 18, 2020**

I respectfully dissent. I would not second-guess the trial court's exercise of discretion to hold an award of non-economic damages was required on this record.

A wrongful death plaintiff "shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." 42 Pa.C.S. §8301(c). This Court has amplified what kind of damages are allowed under the statute as follows: "[w]rongful death damages are established for the purpose of compensating the spouse, children, or parents of a deceased for pecuniary loss they have sustained as a result of the death of the decedent. The damages recoverable in a wrongful death action include the present value of the services the deceased would have rendered to the family, had she lived, as well as funeral and medical expenses." *Kiser v. Schulte*, 648 A.2d 1, 4 (Pa. 1994) (citations omitted). It is not crystal clear that "pecuniary loss[es]" such as "services rendered to the family" or "funeral and medical expenses" necessarily include non-economic damages for the loss of intangibles like consortium and companionship,[1] but I acknowledge our jurisprudence indicates wrongful death plaintiffs may recover the value of "comfort [and] society" as a component of the lost "services" of a deceased spouse. *See*, *e.g.*, *Spangler v. Helm's New York-Pittsburgh Motor Exprs.*, 153 A.2d 490, 492 (Pa. 1959) (allowing wrongful death damages for "companionship, comfort, society, guidance, solace, and protection which go into the vase of family happiness"). That said, however, I would not hold such damages are always recoverable.

---

[1] Indeed, I would suggest one reason the Superior Court "did not distinguish between economic and non-economic wrongful death damages in its opinion," or separately "address whether Wife was entitled to non-economic" damages, Majority Opinion, slip op. at 16, is because Section 8301 does not parse allowable damages in this way.

Appellee Tina McMichael had the burden to prove she is entitled to non-economic damages arising from the loss of her "'husband, friend and partner of 30 years,'" Majority Opinion, slip op. at 15, *quoting* Appellee's Brief at 27. As the majority recognizes, the duty of assessing damages is "within the province of the jury, and, as trier of fact, the jury weighs the veracity and credibility of the witnesses and their testimony." *Id.* at 16. A court may disturb the jury's verdict only where it appears to have resulted from "passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff." *Kiser*, 648 A. 2d at 4. Applying these standards to the present record, I conclude the Superior Court erred in granting a new trial on wrongful death damages.

Appellee testified about her marriage to Seth McMichael, which lasted from 1982 until his death in January 2013. The couple had three children, and appellee testified it was a "happy marriage" and Seth was a good father. N.T. 7/13/17 at 155. Seth planted trees, blueberry bushes, and built a grape arbor, cut the grass, did home repairs, drove her to work in bad weather, did most of the cooking, and was a "very, very good cook." *Id.* at 156-58. Appellee testified that Seth would have fixed the hot water heater and furnace, both of which needed repair, and in his absence she had to use a small gas heater and wear heavy clothes at home. *Id.* at 156-57. Appellee also testified she intended to live in a log cabin Seth had planned to build, for "[a]s long as he wanted me to." *Id.* at 161. Finally, on the morning of Seth's death, appellee testified she told him not to "forget we have date night, because we always had date nights." *Id.* at 162.[2]

---

[2] Appellee also presented excerpts of a videotaped deposition of the couple's son David, who died before trial. David testified he was close to his father, and there were not "too many days [they] weren't together." Deposition of David McMichael dated 6/5/15, N.T. 7/13/17 at 14 (R.R. 92a); N.T. 7/13/17 at 68.

As appellee's entire case for non-economic damages was based on the foregoing testimony, I am not convinced that a zero dollar verdict was so arbitrary and shocking that a new trial is warranted as a matter of law. Appellee's credibility was challenged on several grounds,[3] and the jury was correctly instructed they were free to reject her testimony in its entirety. *See, e.g.*, *Carroll v. Avallone*, 939 A.2d 872, 874 (Pa. 2007) (jury is free to accept all, part, or none of the testimony of any witness; it is within jury's province to determine relative weight to be given to that testimony). The trial court acknowledged appellee testified "her marriage with Seth was a good marriage in which they did projects around the house together, such as building a grape arbor on Mother's Day," and "Seth was a good father and was friends with his children." *McMichael v. McMichael*, No. 11370-2013, slip op. at 10 (C.P. Beaver, April 20, 2018). But the court — who observed the witnesses' demeanor — also stated appellee's testimony "barely touched upon their actual relationship and what they did in their time spent together," *id.* at 23, and there "wasn't really a lot of evidence" that Seth supported his family. N.T. 7/17/17 at 9. Indeed, the court predicted the jury might award "zero" damages as a result. *Id.*

The trial court ultimately found "no evidence of unfairness, mistake, partiality, prejudice, corruption or the like that requires disregarding the jury's rejection of the claim for non-economic damages here." *McMichael*, No. 11370-2013, slip op. at 23. The court recognized a "jury is free to disbelieve that non-economic injury flows from an incident, which the jury obviously did here." *Id., citing Catalano v Bujak,* 642 A.2d 448, 451 (Pa.

---

[3] Appellee testified inconsistently about an alleged statement regarding her son David's death as the loss of her "star witness," *see, e.g.*, N.T. 7/13/17 at 167-169, and she was also cross-examined about conflicts between her deposition and trial testimony. *Id.* at 172-176. *See also McMichael v. McMichael*, Nos. 721 and 795 WDA 2018, 2019 WL 1613152 at *10 (Pa. Super. filed April 15, 2019) ("effective cross-examination undercut Wife's credibility").

1994).  I find no abuse of discretion under the circumstances.  Accordingly, in my view, the Superior Court erred in overriding the trial judge's assessment.